UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LORRAINE C. EAST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 2:19-CV-451-HAB |
| | ) |
| JAMIE DIMON, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion to Amend Complaint (ECF No. 41). Formerly *pro se* but now represented by counsel, Plaintiff seeks leave to amend her complaint to substitute JPM Chase & Co. ("Chase") for the individual Defendants and to clarify her allegations. Defendants object, claiming that the amendment is both untimely and legally futile. (*See* ECF No. 46). This matter is now fully briefed and ready for determination.

**A.    Undue Delay**

Completely ignoring the deadline *they agreed to* in the Report of Parties Planning Meeting (ECF No. 32), Defendants first assert that leave should be denied on the grounds of "bad faith and . . . dilatory purposes." (ECF No. 46 at 4). Essentially, Defendants contend that Plaintiff's delay in responding to their Motion to Dismiss, coupled with her litigation history with respect to her home, is part of a "scheme to delay, hinder or defraud creditors," including Chase. (*Id*. at 5).

Under the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. Rule 15(a). "In the absence of any apparent or declared reason—such as undue delay, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules

require, be 'freely given.'" *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)). Generally, "the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *J.D. Marshall Intern. Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991).

Motions for leave to amend are generally denied based on undue delay when they are filed long after the filing of the original pleading and after extensive litigation. *Hoenig v. Karl Knauz Motors, Inc.*, 983 F. Supp. 2d 952, 959–60 (N.D. Ill. 2013) (collecting cases). Even in the presence of factors that may demonstrate undue delay, a motion to amend that is filed within the deadline to do so will almost always be granted. *Bush v. Ruth's Chris Steak House, Inc.*, 277 F.R.D. 214, 216 (D.D.C. 2011) (granting motion for leave to amend filed prior to amendment deadline even though plaintiffs could have sought leave prior to dispositive motion briefing); *see also Cross v. Prompt Med. Transp., Inc.*, 2015 WL 6674836 at *3 (N.D. Ind. Nov. 2, 2015); *Hoenig*, 983 F. Supp. 2d at 960.

The Court is sympathetic to the concerns expressed by Defendants regarding Plaintiff's use of the judicial system. This Court does not condone or endorse using the bankruptcy code to thwart otherwise legal foreclosure proceedings. However, in the context of this case, the Court cannot find that the amendment is offered in bad faith or for dilatory purposes. Rather, it has been filed pursuant to the deadlines agreed to by the parties. Accordingly, Plaintiff's motion for leave to amend will not be denied on the grounds of undue delay.

**B.     Legal Futility**

Defendants next argue that leave to amend should be denied because the amended complaint, as tendered to the Court, is legally futile. Defendants urge that the amended complaint

has not adequately pled a claim for relief under 42 U.S.C. § 1981 and that, even if it did, such a claim would be barred by the applicable statute of limitations.

Following *Bell Atlantic Corp. v. Twombly* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "the complaint need contain only factual allegations that give the defendant fair notice of the claim for relief and show the claim has 'substantive plausibility.'" *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and N.W. Ind.*, 786 F.3d 510, 517 (7th Cir. 2015) (quoting *Johnson v. City of Shelby*, 574 U.S. 10 (2014)). Thus, "when the basis for denial is futility, we apply the legal sufficiency standard of Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim." *Runnion*, 786 F.3d at 524. As the Seventh Circuit has made clear, "applying the liberal standard for amending pleadings, especially in the early stages of a lawsuit, is the best way to ensure that cases will be decided justly and on their merits." *Id*. at 520.

Defendants' pleading arguments boil down to the assertion that the proposed amended complaint does not plead the elements of intentional racial discrimination. (ECF No. 46 at 7–9). Whether or not that is true, "[a] plaintiff need not allege facts in the complaint corresponding to every element of a statutory cause of action." *Martin v. N.W. Mut. Life Ins. Co.*, 2006 WL 897751, *1 (E.D. Wis. March 31, 2006) (citing *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005). While Plaintiffs may very well have to prove intentional discrimination, that does not mean they have to plead intentional discrimination. *See*, *e.g.*, *Swiekiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) (noting that "[t]he prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement.").

The Court has reviewed the proposed amended complaint and concludes that it is not legally futile. The amended complaint can fairly be read as alleging that Chase, by and through its employee, intentionally denied Plaintiff a mortgage loan modification on the basis of her race.

Whether or not the allegations are true, they pass the fact-pleading standards imposed by the Federal Rules of Civil Procedure. As such, leave to amend cannot be denied based on a violation of Rule 8(a).

Finally, Defendant asserts that Plaintiff's claim is barred by the statute of limitations. The parties agree that a four-year statute of limitations applies to Plaintiff's § 1981 claim. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004); 28 U.S.C. § 1658. The dispute is when that period commenced. Plaintiff asserts that its action is based upon Defendants' wrongful refusal to approve Plaintiff for a mortgage loan modification. Accordingly, she asserts that the cause of action did not accrue until 2018. Defendants disagree and claim that the § 1981 claim can only be based on the foreclosure of the mortgage, which occurred in 2007.

Once again, the Court must agree with Plaintiff. There is little doubt that a § 1981 claim can be based upon a discriminatory refusal to modify a mortgage loan. *See*, *e.g.*, *Biles v. Nationstar Mortg. LLC*, 2018 WL 4494994 at *5–6 (W.D. Tenn. Sept. 19, 2018). Accordingly, the Court can look past the foreclosure and to the modification process to determine timeliness. True, Plaintiff's claims must be limited to conduct occurring within four years of the filing of her suit, *Thomason v. One West Bank, FSB*, 2017 WL 4341863 at *6 (M.D. Ala. Mar. 1, 2017), but the statute of limitations does not bar the claim in full.

**C.     Conclusion**

For the foregoing reasons, Plaintiff's Motion to Amend Complaint (ECF No. 41) is GRANTED. The Clerk of the Court is DIRECTED to file Plaintiff's proposed Amended Complaint (ECF No. 41-1) as of the date of this Opinion and Order. In light of this ruling, Defendant's Motion to Dismiss (ECF No. 15) is DENIED as moot.

SO ORDERED on March 11, 2021.

                                       s/ Holly A. Brady
                                      JUDGE HOLLY A. BRADY
                                      UNITED STATES DISTRICT COURT